NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE DAVID GARCIA HERRARTE, AKA Jorge David Garcia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-71356 <br><br> Agency No. A208-836-651 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2020[**]
Pasadena, California

Before:  LINN,[***] RAWLINSON, and HUNSAKER, Circuit Judges.

Garcia-Herrarte, a native and citizen of Guatemala, petitions for review of a

Board of Immigration Appeals ("Board") decision dismissing his appeal seeking

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

withholding of removal and protection under the Convention Against Torture. We deny Garcia-Herrarte's petition.

Garcia-Herrarte argues that he suffered prior persecution based on an attempted kidnapping when he was three or four years old because of his membership in the well-known Garcia family. This court "characterizes persecution as an extreme concept, marked by the infliction of suffering or harm in a way regarded as offensive." *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) (internal quotation omitted). The Board found that the attempted kidnapping of Garcia-Herrarte as a child "did not rise to the level of persecution," ER3, and affirmed and adopted the decision of the Immigration Judge ("IJ") that Garcia-Herrarte "did not experience any physical or lasting harm," AR44. Substantial evidence supports these findings. *See* 8 U.S.C. § 1231(b)(3)(A).

Substantial evidence also supports the Board's finding that Garcia-Herrarte failed to establish that he more likely than not would suffer future persecution based on his membership in one of three particular social groups. First, Garcia-Herrarte asserts membership in the particular social group of the Garcia family, citing the murder of two of his cousins and his father's testimony about threats to Garcia family members due to their prominence in Santa Lucia Los Ocotes. Substantial evidence supports the Board's decision that Garcia-Herrarte's cousins were victims of generalized crime based on their perceived wealth, not due to membership in the

2

Garcia family. *See* AR128–31 (testimony that he did not know the reason for their murder); AR167-77 (testimony that they were killed for failing to pay extortions). Moreover, as the Board and the IJ noted, Garcia-Herrarte's claim of likely future persecution due to membership in the Garcia family is undermined by fact that 200–300 members of the Garcia family safely live in Santa Lucia Los Ocotes. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[P]etitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." (internal quotation marks omitted)). The isolated statements by Garcia-Herrarte and his father identifying family membership itself as the reason for some of the harm do not overcome the substantial evidence in support of the Board's determination.

Next, Garcia-Herrarte asserts membership in the particular social group of those with tattoos. The Board did not err in determining that having tattoos has not been shown to be perceived as a particular social group marked for persecution by Guatemalan society. *See Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) (holding that an individual having tattoos is not part of a sufficiently particular social group).

Finally, Garcia-Herrarte asserts membership in the particular social group of "wealthy returning Americans." The IJ reasonably held that this group fails to meet the particularity requirement needed to constitute a cognizable social group. *See*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152-53 (9th Cir. 2010) (holding that Mexicans returning from America is not a cognizable social group); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (holding that "imputed wealthy Americans" is not a cognizable group).

Garcia-Herrarte's withholding claim also fails because his argument that he fears harm from the government or by individuals or a group the government is unwilling or unable to control is belied by the substantial evidence of police response to criminal activity and investigation of violent crimes generally and the prosecution and conviction of an individual who murdered of a member of the Garcia family in particular.

Garcia-Herrarte's arguments with respect to the Convention Against Torture are based on the same facts asserted with respect to past and future persecution. Substantial evidence supports the IJ's finding that Garcia-Herrarte's attempted kidnapping was not torture. 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment."). Substantial evidence also supports the IJ's finding that Garcia-Herrarte has not shown that public officials would acquiesce or consent to future harm directed at him. The Board correctly concluded that Garcia-Herrarte is not eligible for protection under the Convention Against Torture.

**PETITION FOR REVIEW DENIED**